UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KENNETH NICHOLS | : | PRISONER |
| | : | NO. 3:03CV0879(JBA) |
| VS. | : | |
| | : | |
| DR. EDWARD PESANTI, ET AL. | : | APRIL 6, 2004 |

## ANSWER AND AFFIRMATIVE DEFENSES

The defendants answer the complaint in this matter in paragraphs corresponding to those alleged in the complaint:

1-2.    Denied.

3.    The defendants admit that plaintiff is sentenced to the custody of the Commissioner of Correction and that his inmate number is 116106 and that he was once housed at Northern Correctional Institution (hereinafter "Northern") and has been housed at Garner Correctional Institution.  As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

4.    The defendants admit that at some times relevant to this complaint, the defendant Dr. Pesanti was the medical director of Correctional Managed Health Care.  As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

5. The defendants admit that at some times relevant to this complaint, the defendant Dr. Pillai was employed by Correctional Managed Health Care at Northern. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

6. The defendants admit that at times relevant to this complaint, the defendant Dr. Wright was employed by Correctional Managed Health Car at Northern, as to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

7. The defendants admit that at times relevant to this complaint, the defendant Wollenhaupt was employed by Correctional Managed Health Care and was a nursing supervisor at Northern. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

8. The defendants admit that at times relevant to this complaint, the defendant Shea was employed by Correctional Managed Health Care as the complex health services administrator for Northern. As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

9-13.   Admitted.

14.   The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

15.   Admitted.

16.   Denied.

17.   Admitted.

18-20.   The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

21.   Admitted.

22.   The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

23.   The defendants admit that on or about July 9, 2002. the plaintiff underwent surgery for the repair of his hernia.  As to the remainder of allegations contained in this paragraph, the defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof.

24-25.  Denied.

26.   The defendants admit that the plaintiff filed a habeas corpus action about the same hernia.  The remainder of the allegations contained in this paragraph are denied.

27. Denied.

28. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

29. The defendants are without sufficient information upon which to form a belief and therefore leave the plaintiff to his proof;

30-32. Denied.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense*

All of the defendants in this matter are entitled to qualified immunity.

### *Second Affirmative Defense*

The plaintiff failed to exhaust his administrative remedies.

### *Third Affirmative Defense*

The plaintiff fails to state a claim upon which relief can be granted.

### *Fourth Affirmative Defense*

The Eleventh Amendment provides immunity.

### *Fifth Affirmative Defense*

The plaintiff's claims are precluded by Conn. Gen. Stat. §§ 4-141 through 4-164 and § 4-165.

*Sixth Affirmative Defense*

The defendants do not have sufficient personal involvement in any constitutional violations alleged.

*Seventh Affirmative Defense*

The plaintiff's claims are barred by the doctrines of collateral estoppel, res judicata and prior pending action.

```
                                DEFENDANTS,
                                Dr. Pesanti, et al.

                                RICHARD BLUMENTHAL
                                ATTORNEY GENERAL


                                BY: /s/_____
                                Lynn D. Wittenbrink
                                Assistant Attorney General
                                Federal Bar No. ct08575
                                110 Sherman Street
                                Hartford, CT  06105
                                Telephone No.: (860) 808-5450
                                Fax No.: (860) 808-5591
                                lynn.wittenbrink@po.state.ct.us
```

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was sent by first-class mail, postage prepaid to the following on this 6th day of April, 2004:

Kenneth Nichols, Inmate No. 116106
Garner Correctional Institution
50 Nunnawauk Road, PO Box 5500
Newtown, CT 06470

                                               /s/_____
                                               Lynn D. Wittenbrink
                                               Assistant Attorney General